## DIETZEL v. WEBER.

(Supreme Court, Appellate Division, Second Department.　January 10, 1899.)

REFERENCE—REPORT—TRANSCRIPT OF EVIDENCE—AMENDMENT ON APPEAL.

　　A transcript of testimony offered before a referee, which is filed with the referee's report in the surrogate court, cannot be amended on appeal from the judgment of the surrogate.

Appeal from surrogate's court, Kings county.

Robert Dietzel appealed from a decree settling his account as administrator on the application of Herman Weber, guardian of Theresa Dafeldecker, and moves for an order resettling the case on appeal so as to amend said case as settled by the referee.　Motion denied.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, and WOODWARD, JJ.

M. Hallheimer, for the motion.

Fernando Solinger, opposed.

WILLARD BARTLETT, J.　In this case the administrator has appealed to the appellate division from a decree of the surrogate's court of Kings county settling his account.　From an examination of that decree it appears that, after objections had been duly filed, the surrogate made an order referring the account and objections to a referee to examine the same, and to hear and determine the questions arising upon the settlement of the said account, which the surrogate had power to determine, and to make a report of the proceedings and determination to the surrogate's court with all convenient speed, "subject, however, to confirmation and modification by the surrogate." It further appears that the referee filed with his report a transcript of the testimony offered before him in behalf of the respective parties; that exceptions to the report were also duly filed by the administrator; and that such exceptions were overruled, and the report of the referee was confirmed, by the decree appealed from.

In order to prepare his appeal papers, the learned counsel for the administrator seems to have regarded it as necessary to procure a case on appeal to be settled by the referee.　Being dissatisfied by the referee's settlement thereof, he has presented to this court a long affidavit, pointing out numerous errors, which he alleges have been made by the referee in the allowance of various amendments proposed by the attorney for the respondent.　Upon this affidavit he asks the appellate division to resettle the case on appeal so as to make it conform to his statement of what actually took place before the referee.　The respondent opposes the motion with an affidavit of his attorney, which declares that the case was settled fairly, and in exact accordance with the stenographer's minutes.　We are of the opinion that the parties have proceeded upon a mistaken notion of what is the proper practice in a case of this kind.　The decree of the surrogate's court is to be brought up for review, and what this court must have before it in order to determine whether that decree was correct or not is the evidence upon which the learned surrogate based his judicial action.　That evidence consists of the testimony, a transcript of which was filed with

the referee's report.   This transcript cannot be changed now in any respect.   To permit it to be amended would be to allow the parties to bring before this court a record which was not before the surrogate when he made his decision.   If the administrator was not satisfied with the transcript as filed by the referee, he should have made his objection in the surrogate's court before the motion to confirm the referee's report was heard and determined.   In view of the nature of the appeal, the appeal book should consist solely of those papers which the surrogate had before him for consideration in making the decree appealed from.   Those papers must be on file in the surrogate's court, and should be certified by the clerk of that tribunal.   Motion denied.

Motion for order directing resettlement of case on appeal denied, without costs.   All concur.